IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 5:05-CR-74-BO
NO. 5:12-CV-510-BO

| | | |
|---|---|---|
| JESENTO ANDERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on petitioner's motion for reconsideration [DE 78]. For the reasons stated herein, petitioner's motion is DENIED.

## BACKGROUND

On March 16, 2005, the Grand Jury indicted Mr. Anderson on three counts. Count one charged him with possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. 841(a)(1). Count two charged Mr. Anderson with possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. 924(c)(1)(A). Count three charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1). On August 25, 2005, Mr. Anderson pled guilty to counts one and three pursuant to a written plea agreement. At his sentencing, count two was dismissed pursuant to that plea agreement. On April 11, 2006, Mr. Anderson was sentenced as a career offender under the advisory guidelines to 262 months' imprisonment on count one and 120 months' imprisonment on count three to run concurrently. On April 9, 2013, this Court dismissed Mr. Andersons motion to vacate pursuant to 28 U.S.C. §

2255. On April 15, 2013 petitioner filed a motion to reconsider his section 2255 motion in light of the government's position in *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013).

## DISCUSSION

*Miller* has not changed the law as it applies to petitioner. Therefore this Court denies petitioner's motion. Petitioner attempts to convince this Court that because the government argued in *Miller* that the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2001), announced a new substantive rule and should be applied retroactively, petitioner's section 2255 motion was timely under § 2255(f)(3) and (f)(4), or that equitable tolling should apply. This Court previously denied petitioner's section 2255 motion on the grounds that *United States v. Powell*, 691, F.3d 554 (4th Cir. 2012), held that the right announced by the Supreme Court in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010) is procedural and is not retroactively applicable to cases on collateral review.

In *Miller*, the Fourth Circuit held that *Teague*'s bar on the retroactive application of new rules did not apply in Miller's case. *Miller*, 735 F.3d at 146. However, the court in *Miller* also held that *Powell* did not control its outcome because the government waived the statute of limitations as it applied to Miller. *Id.* ("To determine whether the Court had the power to hear the merits of Powell's claim it first had to determine whether Powell could get around the statute-of-limitations problem.") Section 2255(f)(3) provides for a one-year limitation that "shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been . . . made retroactively applicable to cases on collateral review." "Simply put, the Court had to determine whether *Carachuri* was retroactive to decide if the motion filed by Powell was timely." *Miller*, 735 F.3d at 147. Here, like in *Powell*, the government has not waived the statute of limitations under § 2255(f)(3). *Simmons* is not a

2

Supreme Court case. Therefore petitioner's motion is untimely under § 2255(f)(3). *Miller* has not changed the law in this regard. Further, *Miller* does not change anything in petitioner's circumstances that would change the Court's earlier determination on the untimeliness of his section 2255 motion under § 2255(f)(4) or the principles of equitable tolling. Accordingly, petitioner's motion for reconsideration is denied.

## **CONCLUSION**

For the foregoing reasons, petitioner's motion for reconsideration is DENIED.

SO ORDERED.

This the _11_ day of December, 2013.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE